UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SYED F. AHMED                                                                    **Plaintiff**

v.                                                          Civil Action No. 3:23-cv-662-RGJ

FEDEX GROUND PACKAGE SYSTEM, INC.                                            **Defendants**
and AIG PROPERTY AND CASUALTY CO.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant FedEx Ground Package System, Inc. ("FedEx") moves for partial summary judgment "on the limited issue of the proper measure of property damages and limitations on Plaintiff's claim for recovery[.]" [DE 14 at 53]. Plaintiff Syed F. Ahmed ("Ahmed") responded, and FedEx replied. [DE 23; DE 24]. This motion is ripe. For the reasons below, FedEx's motion for partial summary judgment is **GRANTED in part and DENIED in part.**

## I.       BACKGROUND

This case stems from the collision of a box truck with a brick archway at Ahmed's residence in Prospect, Kentucky on November 26, 2018. [DE 14, Exhibit 1 ("Original Complaint") at ¶ 7; DE 1-3 at ¶ 11]. The vehicle that struck Ahmed's archway was an Enterprise rental truck driven by a third-party company that FedEx hired to deliver packages in the area. [Original Complaint at ¶¶ 7, 11, 12]. Ahmed alleged that the collision caused "substantial damage to the structure" of the brick archway. [*Id.* at ¶ 7]. Photographs show that several bricks were dislodged from the archway upon impact. [*See generally*, DE 14, Exhibit 2 ("Original MSJ")].

These same claims were previously pending in this Court before The Honorable David J. Hale ("Judge Hale") in Civil Action No. 3:20-cv-145-DJH. [DE 14 at 54]. Just as in this case, FedEx moved for partial summary judgment, Ahmed responded, and FedEx replied. [*See id.* at

Exhibits 2, 3, and 4].  Over FedEx's opposition, Judge Hale allowed Ahmed to voluntarily dismiss

the action without prejudice on August 5, 2021.  [*Id.* at 54].  FedEx's motion for partial summary

judgment in this case deals with the "very same factual and legal issues underlying" its motion for

partial summary judgment in the previous case before Judge Hale.  [*Id.* at 55].  FedEx rests on the

substance of its original motion, requesting "that this Court accept the previously completed

briefing" on these identical issues and incorporating all previous filings from Civil Action No.

3:20-cv-145-DJH by reference.[1]  [*Id.* at 54–55].  Ahmed also incorporates the arguments in his

previous briefing.  [DE 23 at 196–97].

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law."  *Id.* at 251–52.  The movant has the initial burden to demonstrate

the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is

a genuine issue for trial."  *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)).  "[T]he

court must view the evidence in the light most favorable to the non-moving party, drawing all

---

[1] In the analysis below, the Court only considers the arguments in these filings that relate to grounds for partial summary judgment asserted by FedEx in this case.  Some arguments made in the original motion for partial summary judgment—for example, that Ahmed must put forth proof of the diminution of value of his home [Original MSJ at 7–9]—are not raised again and are not relevant to FedEx's arguments in its new motion for partial summary judgment.  [DE 14 at 53–55].

reasonable inferences in that party's favor."  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).  If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate.  *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

### III.    DISCUSSION

FedEx seeks a judgment that (1) Ahmed's "full measure of recovery" for the damages to his home is limited to the *lesser* of (i) the actual cost of repairing the damage using materials substantially equal to those present at the time of the collision or (ii) the diminution of fair market value to the property caused by the collision; (2) Ahmed may not "recover damages in the form of renovations or improvements to other parts of the home not actually damaged, or aesthetic improvements, or for personal 'overhead' or 'profit,' or attorney's fees"; and (3) the bricks offered

by FedEx are a "substantially identical match" to the ones damaged on Ahmed's archway. [DE 14 at 53]. The Court addresses each in turn.

### A. Limitations on Ahmed's Damages

FedEx argues that "under Kentucky law," Ahmed's damages are limited to the lesser of the actual cost of repairs or the diminution of fair market value, but not "anything more." [Original MSJ at 9]. Ahmed responds that "(1) [i]t is much too early to rule out any presentation of [fair market value] evidence by Ahmed [before the expert disclosure deadline]; and (2) drawing all reasonable inferences in favor of Ahmed, the Court cannot decide that it would be impossible for him to introduce evidence that might convince a reasonable jury to decide in his favor." [DE 14, Exhibit 3 ("Original Response") at 4–5]. Ahmed also asserts that FedEx's motion for partial summary judgment makes "no consideration of whether the replaced bricks are a 'cosmetic match.'" [*Id.* at 5]. FedEx replies that—setting aside the question of whether the bricks are substantially the same—FedEx has only asked the Court for a ruling that "the maximum damages that [Ahmed] can recover in this case is the lesser of the actual cost of repair or the diminution of fair market value attributable solely to the property damage." [DE 14, Exhibit 3 ("Original Reply") at 4].

#### i. Ahmed's Damages Are Limited by *Ellison*

When a case involves an "injury to real estate," Kentucky law recognizes "two distinct types of damages:"

> (1) if the injury to the property is permanent, the amount by which the fair market value of the property decreased immediately prior to and after the trespass; but (2) if the injury to the property is temporary, the cost to return it to its original state. We have distinguished between "permanent" and "temporary" injuries on the basis of the cost of restoration and have held that injuries to real estate are "permanent" where the cost to restore the property to substantially its original state exceeds the amount by which the injury decreased the property's value. Reasonable restoration costs are an available remedy only in "temporary" injury cases where the property

4

> may be restored to its original state at a cost less than the amount by which the
> market value of the property decreased as a result of the trespass.

*Ellison v. R & B Contracting, Inc.*, 32 S.W.3d 66, 69–70 (Ky. 2000).  In practice, this means that

"the amount by which the injury to the property diminishes its total value operates as an upper

limit on any damage recovery."  *Id.* at 70.  Put another way:

> [A] court determines if an injury is permanent or temporary by employing a simple
> mathematical equation: Is diminution in fair market value or restoration costs
> greater?  If the former is greater, then the injury is temporary, and the plaintiffs can
> recover restoration costs.  If the latter is greater, though, then the plaintiffs are
> limited to recovering diminution in fair market value.  This rule ensures that
> plaintiffs recover the least amount of money necessary to make them whole.

*Worldwide Equip. Enterprises, Inc. v. Broan-Nuton LLC*, 191 F. Supp. 3d 684, 688 (E.D. Ky.

2016) (discussing *Ellison*, 32 S.W.3d at 69–70).  This case law makes clear that FedEx's argument

is correct: depending on whether the injury to Ahmed's real property is "temporary" or

"permanent," he may only recover the lesser of (1) restoration costs or (2) diminution in fair market

value.  Although the question of which mode of recovery is ultimately the "least expensive way to

make [Ahmed] whole" is a question of fact, the Court holds as a matter of law that Ahmed can

only recover the lesser of the two—whichever that may be.  *Ellison*, 32 S.W.3d at 70.

### ii. Ahmed Cannot Recover Damages for Improvements to the Property, Payments to Himself to Perform Repairs, or Attorney's Fees

FedEx asks the Court to go a step further by declaring that restoration costs in this case can

only include "the actual cost of repair to the portion of property actually damaged (using materials

substantially equal to those present on the property at the time of injury)[.]"  [Original MSJ at 1;

DE 14 at 53].  *Ellison* uses the language "substantially its original state" when describing

restoration costs in "temporary" injury-to-real-property cases. 32 S.W.3d at 70.  In essence, FedEx

requests that the Court define the boundaries of what it means to "restore the property to its original

state" in this case, if restoration costs are ultimately less expensive than diminution of value.  *Id.*

Broadly speaking, "[q]uestions regarding the cost of repairing a particular injury to real estate and the extent of any diminution in fair market value of the real estate as a result of an injury are questions of fact." *Smith v. Jordan*, No. 2017-CA-000918-MR, 2019 WL 2563256, at *7 (Ky. App. June 21, 2019) (quoting *Ellison*, 32 S.W.3d at 70); *see also Smith v. Milburn Walker Est.*, No. 2002-CA-000616-MR, 2004 WL 221175, at *4 (Ky. App. Feb. 6, 2004) ("Applying *Ellison* to the instant case, it is clear that the evidence regarding the extent to which [the plaintiff's] property was damaged by the actions of [the defendants] presents questions of fact for determination by the jury."). But, although the extent of the costs of restoration or diminution of value is a question of fact, no case law supports the notion that "restoring the property to its original state" contemplates upgrades and improvements to undamaged portions of a plaintiff's property.

Both federal cases and state cases have interpreted restoration costs under *Ellison* as extending beyond mere repairs when the factual context calls for it. *See Milburn Walker Est.*, 2004 WL 221175, at *4 (explaining that the instructions in *Ellison* "implicitly take into consideration the costs of replanting trees, repairing fences, and generally cleaning up, all of which are part of the costs to restore the property to its substantial original state"); *Worldwide Equip. Enterprises, Inc.*, 191 F. Supp. 3d at 690 (citing Webster's Third New International Dictionary 1936 (2002)) ("Such language could refer to repair costs or replacement costs—when a person replaces a destroyed building, he restores it to its original state. Second, the word "restore" does not only mean repair . . . the word 'restoration' extends to rebuilding or replacement."). But no cases interpret *Ellison* as providing for improvements or upgrades to the property, especially portions of the property which are unaffected by the incident in question. This is not a case involving total loss of a home or comprehensive damage to broad swaths of the property. It is undisputed in the record that the only damage to Ahmed's home was to the archway brick

destroyed by the impact of the Enterprise truck. As a result, renovations, or improvements to Ahmed's home beyond the damaged brick fall outside the scope of "restor[ing] the property to substantially its original state" under *Ellison*. 32 S.W.3d at 70. Indeed, *Ellison's* limiting principle—that damages are capped at the lesser of either restoration costs or diminution of value—is designed to prevent exactly such a windfall. *See Lichtefeld v. Mactec Eng'g & Consulting, Inc.*, 239 F. App'x 97, 103 (6th Cir. 2007) ("Courts routinely refuse to engage in economic waste (i.e., award repair costs when the diminution in value is something less), as in *Ellison*, and similarly refuse to award plaintiffs a windfall (i.e., award diminution in value when the cost of repair is something less)."); *Mountain Water Dist. v. Smith*, 314 S.W.3d 312, 315 (Ky. App. 2010) ("The effect of *Ellison* is to prevent a claimant from seeking cost of repair damages that exceed the diminution in fair market value.").

FedEx also analogizes to a number of state and federal insurance cases in Kentucky, arguing that their principles should apply in this case. While these cases involve insurance policies and do not discuss *Ellison*, some of Kentucky insurance law does provide a useful touchstone for understanding what *Ellison* means by "restor[ing] the property to substantially its original state." 32 S.W.3d at 70. For instance, "Kentucky has long since recognized that the purpose of insurance is to indemnify the insured; in other words, to put the insured back in the position he or she enjoyed before the loss." *Bailey v. State Farm Fire & Cas. Co.*, No. CIV.A. 14-53-HRW, 2015 WL 1401640, at *5 (E.D. Ky. Mar. 25, 2015), *aff'd sub nom. Hicks v. State Farm Fire & Cas. Co.*, 751 F. App'x 703 (6th Cir. 2018). Ellison's formula shares that goal: "to make [the] claimants whole." 32 S.W.3d at 70. But other cases cited by FedEx are less useful, where courts considered actual cash value policies instead of replacement cost policies or were required to interpret specific policy language. *See, e.g., Advanced Mech. Servs. v. Auto-Owners Ins. Co.*, No. 3:14-CV-388-DJH-CHL,

7

2017 U.S. Dist. LEXIS 123277 (W.D. Ky. Aug. 4, 2017); *Cincinnati Specialty Underwriters Ins. Co. v. C.F.L.P. 1, LLC*, No. 3:14-CV-40-DJH-DW, 2015 WL 5793951 (W.D. Ky. Sept. 30, 2015); *Woods Apts., LLC v. United States Fire Ins. Co.*, No. 3:11-CV-41-H, 2013 U.S. Dist. LEXIS 105582 (W.D. Ky. July 29, 2013).  Thus, these cases are either (1) more akin to diminution of value than restoration costs under *Ellison* or (2) limited to their factual context.  Ahmed also points out that in *Woods Apartments*, the parties agreed that the replacement siding and shingles were an aesthetic match under the policy.  [Original Response at 5–6].  In any event, because this is not an insurance case, none of these cases are particularly instructive and certainly none are controlling.

Under *Ellison*, Ahmed can recover the lesser of either the diminution of value to his entire home caused by the damage to the brick archway, or the cost to restore the portion of the damaged brick archway to "substantially its original state." 32 S.W.3d at 70.  Because the exact cost of restoration or diminution of value is a question of fact, the Court expresses no opinion as to what the correct dollar figure will ultimately be.  But neither *Ellison* nor any case cited by Ahmed includes remedies such as improvements to unaffected portions of a plaintiff's home,[2] paying a plaintiff to personally perform the work of restoration, or attorney's fees.[3]  Accordingly, FedEx's

---

[2] Items such as electrical wiring, plumbing, deck work, and landscaping were all unaffected by the incident in question.  Nothing in the record suggests that these aspects of the home were damaged in any way, nor does the complaint allege it.  The only portion of the property affected by the collision with the Enterprise truck was the brick façade of the archway.  Whether returning the brick façade to "substantially its original state" requires replacing only the dislodged bricks from the archway with the replacement bricks proposed by FedEx or requires a different solution is a question the Court does not reach in this opinion.  Because this involves a question of fact on a motion for summary judgment, it is best left until after the close of discovery and the expert disclosure deadline.  *See Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 956 (6th Cir. 2011) (explaining that, in general, "[r]ule 56 motions for summary judgment are decided after discovery, not shortly after filing"); *Bowling v. Wal-Mart Stores, Inc.*, 233 F. App'x 460, 464 (6th Cir. 2007) (quoting *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)) ("[T]he district court must afford the non-movant a 'sufficient opportunity for discovery.'")

[3] Ahmed concedes that attorney's fees are not recoverable under Kentucky law for his claim.  [Original Response at 8 ("As Plaintiff Ahmed conceded above, there is no statute or contractual provision supporting an award of attorney fees.")].

motion for partial summary judgment is **GRANTED in part** with respect to the scope of Ahmed's damages under *Ellison*.

### B.  Whether Bricks Are a "Substantially Identical Match"

FedEx argues that the proposed replacement bricks are "virtually indistinguishable" from the original bricks used to build Ahmed's home and that "no reasonable juror could find that these replacement bricks do not substantially match those present on the archway at the time of this collision."  [Original MSJ at 17, 21].  Ahmed responds that (1) the replacement bricks are not substantially similar to the original bricks and (2) this is a factual question for a jury.  [Original Response at 6–8].  Ahmed also argues that the discovery and disclosure deadlines have not yet arrived in this case, and so it is too early to decide whether there is a genuine dispute of material fact on this question at this stage in the litigation.  [DE 23 at 196–97].  Ahmed submits that he intends to engage A. Rhett Whitlock, Ph.D. to provide expert testimony related to this issue.  [*Id.* at 196].  FedEx replies that no *genuine* issue of material fact exists as to whether the replacement bricks are substantially similar to the proposed replacement bricks, and that no expert testimony could overcome the evidence already in the record which shows that "no reasonable minds could differ as to the near identical nature of the bricks."  [DE 24 at 249; Original Reply at 3].  FedEx maintains that Ahmed's view on the similarity of the bricks is based solely on his own unreasonable opinion.  [Original Reply at 3 (arguing Ahmed's position is akin to disputing "whether the sky is blue")].

Based on the evidence in the record at this stage, the Court agrees that the replacement bricks appear to be a nearly identical aesthetic match.  But "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."  *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195

(6th Cir. 1995).  This extends to consideration of expert disclosure deadlines.  *See*, *e.g.*, *Lytle v. United States*, No. CV 5:18-059-KKC, 2018 WL 5268613, at *4 (E.D. Ky. Oct. 23, 2018) (denying motion for partial summary judgment as "premature" in medical malpractice case where plaintiff had "not yet had the opportunity to gather the expert testimony he needs to establish his claim"); *Amerisure Mut. Ins. Co. v. Transatlantic Reinsurance Co.*, No. 2:18-CV-11966, 2021 WL 4340521, at *1 (E.D. Mich. Mar. 18, 2021) (denying motion for partial summary judgment as "premature" when filed before expert disclosure deadline); *Methode Elecs., Inc. v. DPH-DAS LLC*, No. 09-CV-13078, 2012 WL 831470, at *4 (E.D. Mich. Mar. 12, 2012) (denying motion for summary judgment as "premature" where "the deadlines for fact and expert discovery have not yet passed according to the schedule agreed upon by both parties").

While the Court can ascertain no meaningful difference between the bricks based on the photographic evidence submitted by FedEx, it is appropriate at this stage to afford Ahmed the benefit of expert testimony and the remaining time before the discovery window closes.  As a result, FedEx's motion for partial summary judgment is **DENIED in part** as to whether the proposed replacement bricks are a substantially identical match.

## IV.     CONCLUSION

For the reasons explained, and the Court being otherwise sufficiently advised, FedEx's motion for partial summary judgment [DE 14] is **GRANTED in part and DENIED in part**.

Rebecca Grady Jennings, District Judge
United States District Court

cc: counsel of record

June 20, 2024