UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SYED F. AHMED                                                                                           Plaintiff

v.                                                                                Civil Action No. 3:23-cv-662-RGJ-CHL

FEDEX GROUND PACKAGE SYSTEM, INC.                                                                       Defendants
and AIG PROPERTY AND CASUALTY CO.

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant FedEx Ground Package System, Inc. ("FedEx") moves to stay this case in light of related state court litigation. [DE 29]. Defendant AIG Property Casualty Company ("AIG") and Plaintiff Syed Ahmed ("Ahmed") responded. [DE 30; DE 31]. At the Court's request [DE 32], the parties filed additional briefs addressing the *Colorado River* doctrine. [DE 33; DE 34; DE 35]. With its second brief [DE 33], AIG also moves to withdraw its initial response [DE 30]. Both Ahmed and AIG now fully support FedEx's motion. For the following reasons, FedEx's unopposed motion to stay this case [DE 29] is **GRANTED**. AIG's unopposed motion to withdraw its initial response brief [DE 33] is also **GRANTED**.

## I. BACKGROUND

According to Ahmed's complaint, in 2018, a FedEx truck damaged a brick archway at his residence. [DE 1-3 at 8]. AIG was Ahmed's insurer at the time. [*Id.* at 7]. Ahmed first sued FedEx and two related unknown parties, but not AIG.[1] FedEx removed that case to this Court before seeking partial summary judgment.[2] Over FedEx's protest, with that partially dispositive motion

---

[1] Complaint, *Ahmed v. Federal Express Corp.*, No. 19-CI-7420 (Ky. Jefferson Cir. Ct. Nov. 25, 2019).
[2] *See* Notice of Removal, *Ahmed v. FedEx Ground Package Sys., Inc.*, No. 3:20-CV-145-DJH-CHL (W.D. Ky. Feb. 24, 2020), ECF No. 1.

pending, Ahmed was allowed to voluntarily dismiss the action without prejudice.[3] Meanwhile, Ahmed pursued a separate lawsuit against AIG.[4] The case against AIG remains pending in state court and is scheduled for trial in January 2025.[5]

More recently, Ahmed initiated this lawsuit, naming both FedEx and AIG as defendants. [DE 1-3 at 6]. The complaint purports "to preserve the entirety of any claim" against FedEx and to "join[] AIG as a real party in interest." [*Id.* at 8]. As before, FedEx removed to this Court [DE 1] and moved for partial summary judgment [DE 14]. The Court granted that motion in part and denied it in part. [DE 28].

FedEx now seeks a stay based on Ahmed's related state court lawsuit against AIG. [DE 29 at 273]. At first, AIG joined in the motion only as to the partial stay of litigation between Ahmed and FedEx. [DE 30 at 279]. Ahmed fully supported FedEx's motion. [DE 31 at 291]. The parties' initial briefs did not address the *Colorado River* doctrine, which governs in this case, and Ahmed's brief did not address AIG's suggestion of a partial stay. [*See* DE 32 at 294]. So the Court requested simultaneous briefs on (1) whether the pending cases are "parallel," (2) "the *Colorado River* factors," and (3) "whether the Court may issue a stay against one defendant but not both defendants." [*Id.* at 295]. The parties submitted additional briefs.[6] [DE 33; DE 34; DE 35]. Because AIG, like Ahmed, now fully supports FedEx's request for a global stay of this case, the third issue is moot.[7] [DE 33 at 296].

---

[3] Order, *Ahmed*, No. 3:20-CV-145-DJH-CHL, 2021 WL 6106438 (W.D. Ky. Aug. 5, 2021), ECF No. 37.
[4] *See* Second Amended Complaint, *Ahmed v. AIG Private Client Group*, No. 20-CI-6604 (Ky. Jefferson Cir. Ct. May 27, 2021); First Amended Complaint, *Ahmed*, No. 20-CI-6604 (Nov. 17, 2020).
[5] Civil Jury Trial Order, *Ahmed*, No. 20-CI-6604 (Jul. 2, 2024).
[6] Ahmed's brief discusses "the district court's inherent power" rather than the *Colorado River* doctrine but also "fully agrees with" FedEx's brief. [DE 35 at 308].
[7] In its brief on the *Colorado River* doctrine, AIG also moves to withdraw its initial response brief. [DE 33 at 298]. Neither FedEx nor Ahmed responded. *See* LR 7.1(c). Because the motion is unopposed, the Court will grant AIG's motion and disregard AIG's initial response brief [DE 30].

## II. STANDARD

Federal courts "have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Therefore, while they may "refrain from hearing . . . cases which are duplicative of a pending state proceeding," *Quackenbush v. Allstate Ins.*, 517 U.S. 706, 717 (1996) (citing *Colorado River*, 424 U.S. 800), they may do so "only in 'exceptional' circumstances . . . and with 'the clearest of justifications,'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 273, 290 (1988) (quoting *Colorado River*, 424 U.S. at 818–19).

"Before the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). If so, the court then must weigh relevant factors and "decid[e] whether to defer to the concurrent jurisdiction of [the] state court." *Id.* at 340. "Because *Colorado River* abstention is temporary," an abstaining court generally enters "a stay . . . rather than a dismissal." *Bates v. Van Buren Twp.*, 122 F. App'x 803, 809 (6th Cir. 2004); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27–28 (1983).

## III. ANALYSIS

The parties agree that this case is parallel to the state case and that the *Colorado River* factors support abstention here. [DE 33; DE 34; *see also* DE 35]. The Court, considering its "virtually unflagging obligation" to exercise its jurisdiction, will fully evaluate both questions despite the lack of dispute among the parties. *Colorado River*, 424 U.S. at 817.

### A. Whether the Cases Are Parallel

In assessing whether state and federal cases are "parallel," courts consider the parties, allegations, claims and relief sought in each case. *See Romine*, 160 F.3d at 340; *Crawley v.*

*Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). "The state court proceedings need not be identical, merely 'substantially similar.'" *Bates*, 122 F. App'x at 806 (quoting *Romine*, 160 F.3d at 340). "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Id.* (citing *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990)). In short, two cases are parallel if they "involve substantially the same parties and substantially the same issues." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330, 1330 n.21 (11th Cir. 2004) (collecting cases).

FedEx argues that these cases are parallel because "they arise from the same set of facts . . . address the same physical damage to the property . . . and, for the most part, [address] the same damages." [DE 34 at 302–03]. AIG argues that the cases "involve identical sets of facts" and are "identical" regarding AIG. [DE 33 at 296]. Indeed, Ahmed and AIG are parties to both cases, and while FedEx is a party only to this case, it is a central nonparty to the state court case.[8] [DE 1-3 at 6–7]. Both cases arise from the same set of facts.[9] [DE 1-3 at 7–8]. And in both cases, the claims and relief sought arise from the damage to Ahmed's brick archway.[10] [DE 1-3 at 8–9]. The cases are substantially similar and therefore parallel. *See Romine,* 160 F.3d at 340.

### B. Weighing the *Colorado River* Factors

Because this case and the state court case are parallel, the Court must "decid[e] whether to defer to the concurrent jurisdiction of [the] state court." *Romine*, 160 F.3d at 340. The Sixth Circuit recognizes "at least" eight *Colorado River* factors that must be considered:

---

[8] First Amend. Compl. ¶¶ 1–8, *Ahmed*, No. 20-CI-6604.
[9] First Amend. Compl. ¶¶ 4–8, *Ahmed*, No. 20-CI-6604.
[10] Second Amend. Compl. ¶¶ 52–55, *Ahmed*, No. 20-CI-6604; First Amend. Compl. ¶¶ 27–51, A–E, *Ahmed*, No. 20-CI-6604. Ahmed's second amended complaint in the state court case appears to supplement, not replace, his first amended complaint.

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* at 340–41 (internal citations omitted). "These factors . . . do not comprise a mechanical checklist. Rather, they require 'a careful balancing of the important factors as they apply in a give[n] case' depending on the particular facts at hand. *Id.* (quoting *Moses H. Cone*, 460 U.S. at 15–16). "[T]he Court must apply the factors 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" *Walker v. Louisville/Jefferson Cnty. Metro Gov't*, 583 F. Supp. 3d 887, 899 (W.D. Ky. 2022) (quoting *Moses H. Cone*, 460 U.S. at 21).

Here, the first two factors do not favor abstention. The state court has not assumed jurisdiction over any res. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001) (citing *Romine,* 160 F.3d at 341); *see also Bates*, 122 F. App'x at 807. AIG and FedEx argue that this forum is less convenient because the state case has progressed further [DE 33 at 297; DE 34 at 304], but the second "factor relates to geographical considerations." *PaineWebber*, 276 F.3d at 207. The Court "cannot find that the federal forum in this case is any less convenient than the state forum, since both actions are pending in courthouses in the same city." *Romine*, 160 F.3d at 341; *see also Bates*, 122 F. App'x at 807.

However, the six remaining *Colorado River* factors all encourage abstention here. Most importantly, the state case has progressed much further than this case. *See Bates*, 122 F. App'x at 807 (noting that Sixth Circuit decisions "focus" on this factor). According to AIG and FedEx, AIG and Ahmed are ready for trial in the state case. [DE 33 at 297; DE 34 at 304]. That case is scheduled

5

for trial in January 2025.[11] Meanwhile, in this case, expert discovery has not concluded; trial is set for September 2025. [DE 22 at 188, 191]. This "substantial difference in the relative advancement of the state and federal proceedings justifies abstention." *Bates*, 122 F. App'x at 807 (discussing *Romine*, 160 F.3d 337); *see also Moses H. Cone*, 460 U.S. at 21. It is also relevant that the state court obtained jurisdiction years before this Court did so.[12] [*See* DE 1].

"Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. Here, one ultimate issue—liability for the damage to Ahmed's brick archway—is being adjudicated in both cases. Different decisions in each case would risk conflicting liability. *Cf. First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 189–90 (E.D.N.Y. 2012) (discussing risks "where a party in one lawsuit is absent from the other"). As the parties argue [DE 33 at 297; DE 34 at 304], avoiding that danger is "paramount." *Romine*, 160 F.3d at 341 (quoting *Moses H. Cone*, 460 U.S. at 19).

Furthermore, this is a diversity case [DE 1 at 2], and Kentucky law governs both cases. [*See* DE 33 at 297; DE 34 at 304]. There are no federal-law issues "weighing against surrender" of this Court's jurisdiction. *See Moses H. Cone*, 460 U.S. at 26. Because this Court's jurisdiction is based on diversity, this Court and the state court have concurrent jurisdiction. *See Deutsche Fin. Servs. Corp. v. Schwartz Homes, Inc.*, 187 F.R.D. 542, 548 (N.D. Ohio 1999); *see also Brandenburg Tel. Co. v. Sprint Commc'ns Co.*, 658 F. Supp. 3d 427, 449 (W.D. Ky. 2023). And because Kentucky law applies in both cases, "the state court action is adequate to protect [Ahmed]'s interests." *PaineWebber*, 276 F.3d at 208.

---

[11] Civil Jury Trial Order, *Ahmed*, No. 20-CI-6604 (Jul. 2, 2024).
[12] *See* Complaint, *Ahmed*, No. 20-CI-6604 (Nov. 16, 2020).

In sum, only two *Colorado River* factors do not favor abstention in this case. The six remaining factors, including the two most critical—the cases' relative progress and the risk of piecemeal litigation—all favor abstention. Given these circumstances, this Court "defer[s] to the concurrent jurisdiction of [the] state court." *Romine*, 160 F.3d at 340.

## IV. CONCLUSION

For all these reasons, FedEx's unopposed motion to stay this case [DE 29] is **GRANTED**. AIG's unopposed motion [DE 33] to withdraw its initial response brief [DE 30] is also **GRANTED**. The parties **SHALL** submit a joint status report every **sixty (60) days** from the entry of this order (1) advising the Court of the state court case's progress and (2) stating each party's position on whether this case's stay should be lifted.

October 30, 2024

Rebecca Grady Jennings, District Judge
United States District Court